UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEVEN A. McKENNA          :
                          :
    v.                    :    C.A. No. 10-017ML
                          :
SANDRA POWELL and GEORGE  :
HEALY, in their representative :
capacities                :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Plaintiff initiated this action on January 19, 2010 against Sandra Powell, Director of the Rhode Island Department of Labor and Training; and George Healy, Chief Judge of the Rhode Island Workers' Compensation Court, in their "representative" or official capacities. (Document No. 1). The action arises out of a workers' compensation claim brought against Plaintiff's law firm, Keven A. McKenna, P.C., by a former employee, Mr. Sumner Stone, in May of 2009.[1] Mr. Stone alleges that he suffered a work-related injury on March 30, 2009. Plaintiff disputes the claim. The claim was uninsured because "[a]lthough presently and formerly insured for Workers Compensation coverage, Keven A. McKenna, P.C. admitted that on March 30, 2009 its Workers Compensation Insurance coverage with Beacon Mutual Insurance Company had lapsed." (Document No. 1, ¶ 15).

In this action, Plaintiff seeks a declaration that certain provisions of the Rhode Island Workers' Compensation Act (i.e., R.I. Gen. Laws §§ 28-35-20(c), 33, 43 and 53) as applied to

---

[1] Since the initiation of the underlying workers' compensation claim, this dispute has, in one form or another, been before several courts including this Court, the U.S. Bankruptcy Court, the Rhode Island Supreme Court, the Rhode Island Superior Court and the Rhode Island Workers' Compensation Court and its Appellate Division.

Plaintiff as an uninsured employer violate the Due Process and the Takings clauses of the U.S. Constitution, and he seeks an injunction against the enforcement of such provisions by Defendants. Plaintiff also seeks a declaration that the Due Process clause of the U.S. Constitution mandates the recusal of Chief Judge Healy from adjudicating any matters involving Plaintiff, and he seeks an injunction against Defendant Healy "not recusing himself" in such matters.  (Document No. 1, Prayer for Relief ¶¶ (ii) and (iv)).  Plaintiff's Verified Complaint was accompanied by an emergency Motion for a Temporary Restraining Order (Document No. 2) which was denied after hearing by Chief Judge Lisi.  (Document No. 4).  In refusing to stay enforcement of the statutes in question, Chief Judge Lisi expressed concerns about the likelihood of Plaintiff's success on the merits and whether the Younger abstention doctrine presented an obstacle to the relief sought by Plaintiff.

**The Instant Motion**

On February 8, 2010, Defendants responded to Plaintiff's Complaint by moving to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6).  (Document No. 5).  Defendants argue that the Younger doctrine requires federal court abstention in this case.  See Rossi v. Gemma, 489 F.3d 26, 34 (1st Cir. 2007) ("Younger abstention is most commonly applied to suits seeking injunctive or declaratory relief...[and] is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings.").  Director Powell also argues that Plaintiff fails to state a claim against her because she has not sought to enforce the challenged statutory provisions and that such provisions "provide no role for Director Powell and instead are focused on the Workers

Compensation Court." (Document No. 5 at p. 21).[2] Plaintiff opposes the Motion. (Document No. 8). The Motion to Dismiss has been referred to me for report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72) and a hearing was held on April 7, 2010. For the following reasons, I recommend that Defendants' Motion to Dismiss be GRANTED.

**Discussion**

Defendants argue that abstention under Younger is appropriate because "at the time this federal lawsuit was filed, [Plaintiff's] constitutional challenges were already pending in the Workers Compensation Court Appellate Division and the Rhode Island Superior Court" and "the state court proceedings provide an adequate forum for [Plaintiff] to present his federal constitutional claims." (Document No. 5 at pp. 18, 21). In their Reply, Defendants narrowed their focus and argued that their Younger argument "can be decided solely by focusing on the Superior Court proceedings." (Document No. 10 at p. 1). Plaintiff responds that "[t]his is traditional federal question litigation which cannot be avoided by the application of abstention doctrine." (Document No. 8-1 at p. 4). He argues that "the defense of Constitutional rights is paramount, and the matter must be decided by the federal court faced with the issue." Id. at p. 10. Further, Plaintiff contends that even if Younger is technically applicable, he falls within one or more of the doctrine's well-established exceptions.

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that abstention was required where a plaintiff who was defending criminal charges in state court sought to have the federal court enjoin the ongoing state criminal proceedings. Although the doctrine is often

---

[2] Defendants alternatively argued that this case is subject to the automatic stay (11 U.S.C. § 362) because Plaintiff's law firm filed for bankruptcy protection. However, Defendants' counsel abandoned the bankruptcy stay argument at the hearing on the Motion to Dismiss.

associated with state criminal prosecutions, it has been extended to civil actions. See, e.g., Rossi, 489 F.3d at 34 (citing Maymó-Meléndez v. Alvarez-Ramirez, 364 F.3d 27, 31 and n.3 (1st Cir. 2004)). "Younger is grounded in notions of comity: the idea that the state courts should not, in certain circumstances, be interfered with." Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 68-69 (1st Cir. 2005).

As noted above, Defendants invite the Court to focus on the pending Superior Court action commenced by Plaintiff on July 24, 2009. See McKenna v. Healy, R.I. Super. Ct. No. P.C. 09-4179. (Document Nos. 5-15 and 11-1). In his Amended Verified Complaint dated October 4, 2009, Plaintiff sued the Defendants in this case (Chief Judge Healy and Director Powell) as well as Mr. Stone, Beacon Mutual Insurance Company and Rhode Island Supreme Court Chief Justice Paul Suttell. Id. Although Plaintiff's Superior Court action is broader than this action, there are several substantive parallels.

First, Plaintiff invokes Section 1983 (42 U.S.C. § 1983) in both actions. Section 1983 generally authorizes private parties to enforce their federal constitutional rights against defendants who act under color of state law. Although Section 1983 is a federal statute, state courts have concurrent jurisdiction over Section 1983 claims. See Felder v. Casey, 487 U.S. 131, 139 (1988) (recognizing the existence of "concurrent jurisdiction" in state courts under Section 1983). However, even when a Section 1983 case is brought in state court, the U.S. Supreme Court has held that federal law provides the elements of a claim for relief under Section 1983 and the defenses to such claims, and state law may not alter either those elements or defenses. See Howlett v. Rose, 496 U.S. 356, 375-376 (1990) (holding that state law immunity did not apply to Section 1983 claim).

Second, both actions arise out of and allege the same operative facts.

Third, both actions raise the same federal constitutional claims. In addition to state constitutional claims, Plaintiff alleges in the Superior Court action that certain workers' compensation procedural statutes (i.e., R.I. Gen. Laws §§ 28-35-20(c), 33 and 53) are unconstitutional as applied to uninsured employers pursuant to, inter alia, the Due Process and the Takings clauses of the U.S. Constitution. (Document Nos. 5-15 to 5-17). Plaintiff also alleges that Chief Judge Healy has a constitutional duty to recuse himself from the workers' compensation case involving Plaintiff and Mr. Stone. Id. Plaintiff subsequently brought these same federal constitutional claims in this action.

Finally, Plaintiff's decision to replead his pending federal constitutional claims in this Court smacks of forum shopping.[3] This action was commended at the tail end of a flurry of litigation following Chief Judge Healy's December 11, 2009 Order finding Plaintiff to be in contempt of court and requiring that he either pay the workers' compensation benefits in dispute by December 23, 2009 or face incarceration. (Document No. 5-13). On December 17, 2009, a Rhode Island Supreme Court Duty Justice temporarily stayed such Order. (Document No. 5-14). However, on January 14, 2010, the Supreme Court vacated the stay and denied Plaintiff's petition for Writ of Certiorari because Plaintiff had not asserted an inability to pay and he had already appealed the December 11, 2009 contempt Order to the Appellate Division of the Workers' Compensation Court. Id. The next day, Friday, January 15, 2010, Plaintiff unsuccessfully sought a stay/restraining order from the Superior Court. (Document No. 11-7). Then, on Tuesday, January 19, 2010 (following the Monday

---

[3] In his Objection, Plaintiff states that "[i]ncluded in his quest for justice were suits filed in the Superior Court of Rhode Island, and a permissive writ of certiorari in the Supreme Court of Rhode Island. [Plaintiff] found no justice in the Superior Court, and the permissive Writ was similarly denied." (Document No. 8-1 at p. 20). However, Plaintiff's Superior Court suit is still pending with a right of appeal to the Supreme Court, and his permissive Writ was denied by the Supreme Court in part because Plaintiff was seeking to leap frog the Workers' Compensation Court Appellate Division. (Document No. 5-14).

Martin Luther King, Jr. federal holiday), Plaintiff brought his claims to this Court and unsuccessfully sought an "emergency stay" from Chief Judge Lisi. (Document Nos. 2 and 4).

The First Circuit has instructed that abstention under Younger is appropriate "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi, 489 F.3d at 34-35.

The Younger elements are easily met by Defendants. As to the first, it is undisputed that there are multiple, ongoing state judicial proceedings arising out of the facts underlying this case. As to the second, it is well-established that "[w]orkers' compensation proceedings implicate an important state interest, namely the functioning of the state workers' compensation system." Liberty Mut. Ins. Co. v. Hurlbut, No. 08 Civ. 7192 (DC), 2009 WL 604430 (S.D.N.Y. March 9, 2009).[4] In fact, federal law (28 U.S.C. § 1445(c)) provides that state court actions "arising under" state workers' compensation laws are not removeable to federal court in part "reflect[ing] a congressional concern for the states' interest in administering their own workers' compensation schemes." Armistead v. C&M Transp., Inc., 49 F.3d 43, 46 (1st Cir. 1995). See also Pac. Employers Ins. Co. v. Indus. Accident Comm'n, 306 U.S. 493, 503 (1939) (holding that "[f]ew matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power" than the protection of injured workers).

---

[4] Plaintiff is also the subject of a Contempt Order issued by Chief Judge Healy in the context of the workers' compensation proceeding which implicates additional state interests. See Juidice v. Vail, 430 U.S. 327, 335 (1977) ("A State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest" and one "of sufficiently great import to require application of the principles of" Younger).

Finally, as to the third, the pending state court proceedings provide an adequate forum to hear Plaintiff's federal constitutional claims.  In addition to raising his constitutional challenges in the context of the pending workers' compensation proceedings, Plaintiff initiated a separate Superior Court action under 42 U.S.C. § 1983 (McKenna v. Healy, R.I. Super. Ct. No. P.C. 09-4179) alleging, among other claims, the same constitutional claims against the same parties which he subsequently brought in this case.

"Abstention is appropriate where the plaintiff has an 'opportunity to raise and have timely decided by a competent state tribunal' the constitutional claims at issue in the federal suit." Kaufman v. Kaye, 466 F.3d 83, 87-88 (2nd Cir. 2006).  See also Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986) (holding that for Younger purposes it is sufficient that constitutional claims may be raised in state-court judicial review of state administrative proceedings).  As noted above, state courts have concurrent jurisdiction over claims brought under 42 U.S.C. § 1983 and must apply federal law to such claims.  See Carroll v. City of Mount Clemens, 139 F.3d 1072, 1998 Fed. App. 0088P (6th Cir. 1998) (affirming application of Younger abstention to a federal claim brought under Section 1983 that a housing ordinance was unconstitutional where the plaintiff was able to raise her federal constitutional claims in pending state court proceedings "under the state court's general and concurrent jurisdiction" over such claims). Plaintiff initiated the pending Superior Court action months prior to filing suit in this Court, and brings the same claims and seeks the same relief. Plaintiff, at least initially, must have believed the Superior Court was an appropriate forum for his federal claims since he chose to file his Section 1983 suit in that Court.  However, the fact that the Superior Court litigation is not proceeding to

Plaintiff's liking is irrelevant. The ongoing state judicial proceedings have provided, and continue to provide, Plaintiff with an adequate opportunity to advance his federal constitutional claims.

The final issue is whether the relief requested by Plaintiff in this case would "interfere" with the ongoing state judicial proceedings. In <u>Younger</u>, the interference was the plaintiff's effort to enjoin a state criminal proceeding against him. However, the First Circuit has applied <u>Younger</u> to civil proceedings and noted that it most commonly applies to federal suits seeking injunctive or declaratory relief such as this suit. <u>Rossi</u>, 489 F.3d at 34. In other words, interference for purposes of <u>Younger</u> abstention can be a federal proceeding that seeks to either "enjoin[ ] the state proceeding or has the 'practical effect' of doing so." <u>Rio Grande Cmty. Health Ctr.</u>, 397 F.3d at 70.

This element of interference is also easily met by Defendants. In this case, Plaintiff seeks a declaration that certain state workers' compensation laws are unconstitutional as applied to uninsured employers and an injunction against the enforcement of such laws against him. He also seeks a declaration that Chief Judge Healy is constitutionally required to recuse himself and an injunction requiring such recusal. If this Court were to grant to Plaintiff the relief he requests, it would substantially interfere with pending state court proceedings. First, if the workers' compensation statutes in issue were declared unconstitutional and enforcement of them was enjoined, Plaintiff would obtain judgment which would arguably vitiate the Orders entered in the various workers' compensation proceedings including Chief Judge Healy's Contempt Order and arguably moot any appeals pending before the Appellate Division of the Workers' Compensation Court. <u>See</u> <u>Rossi</u>, 489 F.3d at 35 (holding that a federal court judgment effectively concluding that continuation of state court proceedings would violate the party's due process rights constitutes interference for <u>Younger</u> purposes). Second, if it was declared that Chief Judge Healy was

constitutionally required to recuse himself at the outset of the workers' compensation proceedings, it would also arguably void and invalidate all Orders issued in such proceedings. Finally, Plaintiff has previously pursued his federal constitutional claims in both the workers' compensation proceedings and in the Section 1983 action he initiated in Superior Court. Plaintiff's subsequent request that this Court weigh in on the same constitutional issues he has already pursued in ongoing state proceedings would surely interfere with those proceedings.

There are "narrowly construed," "limited exceptions" to abstention under Younger. Malachowski v. City of Keene, 787 F.2d 704, 709 (1st Cir. 1986); and Southern Union Co. v. Lynch, 321 F. Supp. 2d 328, 337 (D.R.I. 2004). Plaintiff seeks to take advantage of those exceptions and argues that "even in the presence of the necessary predicates for Younger abstention, abstention is not appropriate if the state proceedings are being undertaken in bad faith, or if there are other extraordinary circumstances such as where the state proceedings are based on a flagrantly unconstitutional statute." (Document No. 8-1 at p. 21) (quoting Gwynedd Props., Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3rd Cir. 1992) (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)). Plaintiff has not, however, established the applicability of any of the Younger exceptions.

The bad faith exception applies to a state proceeding initiated against an individual to harass, or, in bad faith. See Esso Standard Oil Co. v. Cotto, 389 F.3d 212, 219 n.6 (1st Cir. 2004). Here, Plaintiff has not made such a showing of harassment or bad faith. Plaintiff himself initiated the Superior Court action and neither Chief Judge Healy nor Director Powell initiated the underlying workers' compensation proceedings. In fact, in his Objection to Defendants' Motion to Dismiss, Plaintiff makes clear that Chief Judge Healy "is not prosecuting Plaintiff...in the Workers

Compensation Court." (Document No. 8-1 at p. 12). Further, although Director Powell apparently initiated enforcement proceedings for the failure to maintain workers' compensation insurance, Plaintiff also makes clear that he is not challenging those enforcement proceedings or the fine imposed for the failure to maintain insurance. Id.

As to the flagrantly unconstitutional exception, Plaintiff has also failed to meet that exception. The Rhode Island Supreme Court, applying federal constitutional precedent, has previously found the statutory scheme in issue to be constitutional. See John J. Orr & Sons, Inc. v. Waite, 479 A.2d 721 (R.I. 1984) (citing Mathews v. Eldridge, 424 U.S. 319 (1976)). In addition, at the hearing on Plaintiff's request for an emergency stay, Chief Judge Lisi preliminarily addressed Plaintiff's constitutional arguments and stated that her reading of the statutes did not bear out his claim[5] and that she had grave concerns as to likelihood of success on the merits. While not conclusive, the existence of such state court precedent and Chief Judge Lisi's preliminary comments at least dispel any argument of "flagrant" unconstitutionality.

**CONCLUSION**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss this case on Younger abstention grounds be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72.

---

[5] As I understand it, Plaintiff claims that the informal pretrial conference procedure under R.I. Gen. Laws § 28-35-20 is unconstitutional because it conditions an employer's right to a trial on making a "nonrefundable" payment to the claimant/employee. While R.I. Gen. Laws § 28-35-33 provides that an "employee shall not be required to make restitution to the employer for any benefits paid regardless of the outcome of [an] appeal," an employer (insured or uninsured) is not without recourse as R.I. Gen. Laws § 28-35-20(f) provides that "the employer or insurer shall be reimbursed from the workers' compensation administrative fund...to the extent of any payments made pursuant to the pretrial order to which there is no entitlement."

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 28, 2010